UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO.:

PATRICIA PATE,

    Plaintiff,

v.

BETHUNE-COOKMAN
UNIVERSITY INC.,
a Florida Not For Profit
Corporation,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**INJUNCTIVE RELIEF REQUESTED**
**DECLARATORY RELIEF REQUESTED**

Plaintiff, PATRICIA PATE ("Ms. Pate" or "Plaintiff"), by and through her undersigned counsel, files this Complaint against Defendant, BETHUNE-COOKMAN UNIVERSITY INC. ("BCU" or "Defendant"), a Florida not for profit corporation, and in connection therewith alleges as follows:

1. Plaintiff brings this action for interference and retaliation in violation of the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, *et seq.* ("the FMLA"), and for discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA"), and Chapter 760 of the Florida Civil Rights Act

("FCRA") to recover from Defendant back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, front pay, declaratory relief, injunctive relief, compensatory damages, punitive damages, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

3. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*., and has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

4. At all times relevant hereto, Plaintiff was an employee of Defendant.

5. Defendant is a Florida not for profit corporation that maintains a location and conducts substantial business in Volusia County, Florida, and is therefore within the jurisdiction of this Court.

6. Plaintiff worked for Defendant in Volusia County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition or conditions as defined by the FMLA, necessitating Plaintiff to take FMLA leave; and (b) was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

9. Plaintiff is a disabled female. At all times material, Plaintiff was protected during her employment with Defendant by the ADA because:

    a. Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination and harassment because of her disability or "perceived disability" by Defendant; and

    b. Plaintiff suffered adverse employment action and was subjected to an increasingly hostile work environment and ultimately termination as a result of her disability or "perceived disability."

10. Defendant was at all times relevant an "employer" as envisioned by the

ADA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

11. On or around March 21, 2024, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination against BCU.

12. On December 18, 2024, the EEOC mailed Plaintiff a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her claims within 90 days of her receipt of the same.

13. Plaintiff timely files this action within the applicable period of limitations against Defendant.

14. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

15. Plaintiff worked for BCU as Executive Administrative Assistant to the Human Resources Director from January 2, 2022, until her termination on June 8, 2023.

16. In February of 2023, Ms. Pate disclosed to her BCU Supervisor, Executive Director for Human Resources Dr. Arlesia Welch ("Dr. Welch"), that she

suffered a disability and serious health condition, specifically Stage 1 stomach cancer.

17. In response to Ms. Pate's disclosure, BCU failed to provide Ms. Pate FMLA paperwork, or to inform her of her rights and responsibilities under the FMLA.

18. BCU's failure to do so constituted unlawful FMLA interference.

19. Ms. Pate continued working despite her cancer in the ensuing months.

20. Nevertheless, Dr. Welch constantly referred to Ms. Pate "losing weight" and demonstrated concern about Ms. Pate working.

21. Dr. Welch began leaving Ms. Pate out of meetings for which she should have been in attendance.

22. In late May of 2023, Ms. Pate suffered a cough and disclosed this to Dr. Welch.

23. Very shortly thereafter, on June 8, 2023, Dr. Welch informed Ms. Pate that BCU had decided to terminate her employment, effective immediately.

24. Defendant's adverse employment actions were taken to interfere with, and in retaliation for, Ms. Pate notifying BCU of her serious health condition, and in retaliation for Ms. Pate's need or potential need to utilize unpaid leave pursuant to the FMLA in order to address same.

25. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason, for its actions.

26. Any reason provided by Defendant for its actions is a pretext, designed to cover up FMLA interference and retaliation, and Defendant's discrimination based on disability.

27. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

28. The timing of Plaintiff's use or attempted use of what should have been protected FMLA leave, and Defendant's termination of Plaintiff, alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by BCU.

29. Defendant purposefully and intentionally interfered with and retaliated against Plaintiff for her utilization or attempted utilization of what should have been protected FMLA leave.

30. Plaintiff's termination was for pretextual, retaliatory, and discriminatory reasons, including, but not limited to, her disclosure of her disability, and FMLA interference and retaliation.

31. Plaintiff's disclosures were the cause of Defendant's termination of Plaintiff.

32. Such a discriminatory and unlawful termination is exactly the type of adverse employment action that the ADA and the FMLA were intended to prevent.

33. The timing of Plaintiff's termination makes the causal connection between her use or attempted use of FMLA leave, her disclosure to Defendant of her disability, and her termination sufficiently clear.

34. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

35. The facts surrounding Plaintiff's termination also create a strong inference of disability discrimination in violation of the ADA.

36. BCU was aware of Plaintiff's ADA-protected disability.

37. Ms. Pate is an individual with a disability who was fully capable of performing the essential functions of her job, and had been doing so.

38. BCU, however, being well aware of Plaintiff's condition, discriminated against Plaintiff for disclosing her disability.

39. In reality, Defendant's termination of Ms. Pate stemmed from its discriminatory animus toward her disclosure of her disability and serious health condition, which should have initiated protected FMLA leave.

40. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA.

41. In short, Defendant discriminated against Ms. Pate based solely upon her disability.

42. At all times material hereto, Plaintiff was ready, willing and able to perform her job duties and otherwise qualified for her position.

43. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with or without reasonable accommodation.

44. Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

45. Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

46. Pleading in the alternative, Plaintiff had no impairment, whatsoever, but was treated by Defendant as having a disability or disabilities as recognized by the ADA.

47. Ms. Pate was a disabled individual, or otherwise perceived as disabled by Defendant, during her employment. Therefore, she is a protected class member as envisioned by the ADA.

48. Ms. Pate suffered sufficiently severe and pervasive treatment, and ultimately termination, because of her disability and/or "perceived disability."

49. As a result of Defendant's unlawful and discriminatory treatment and termination of Plaintiff, Plaintiff has suffered severe emotional distress, including but not limited to sleeplessness, crippling anxiety, loss of consortium, and family discord.

50. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

51. BCU lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

52. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

53. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 8, 13 through 34, 39, 42, and 50 through 52 of the Complaint, above, as though fully set forth in this Count.

54. At all times relevant hereto, Plaintiff was protected by the FMLA.

55. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

56. At all times relevant hereto, Defendant interfered with Plaintiff by failing to provide her FMLA paperwork or advise her of her rights and responsibilities under the FMLA in response to her disclosure to Defendant of her serious health condition, by terminating her in retaliation for her disclosure of her serious health condition and her utilization or attempted utilization of FMLA leave, and by refusing to allow Plaintiff to exercise her FMLA rights freely.

57. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

58. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- UNLAWFUL RETALIATION
## UNDER THE FMLA

59. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 2, 4 through 8, 13 through 34, 39, 42, and 50 through 52 of the Complaint, above, as though fully set forth in this Count.

60. At all times relevant hereto, Plaintiff was protected by the FMLA.

61. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

62. At all times relevant hereto, Defendant retaliated against Plaintiff by terminating her for disclosing her serious health condition, for applying or attempting to apply for FMLA leave, and for utilizing or attempting to utilize what should have been FMLA-protected leave.

63. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised or attempted to exercise her rights to take approved leave pursuant to the FMLA.

64. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

65. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION UNDER THE ADA BASED ON DISABILITY

66. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9 through 16, 19 through 23, 25 through 26, 30 through 33, 35 through 50, and 52 of the Complaint, above, as though fully set forth in this Count.

67. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

68. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

69. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

70. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

71. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

72. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

73. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

### COUNT IV
### DISCRIMINATION UNDER THE FCRA
### BASED ON DISABILITY

74. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1, 3 through 6, 9 through 16, 19 through 23, 25 through 26, 30 through 33, 35 through 50, and 52 of the Complaint, above, as though fully set forth in this Count.

75. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

76. The discrimination to which Plaintiff was subjected was based on her disability, or "perceived disability."

77. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

79. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

80. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her

costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury on all issues so triable.

DATED this 26th day of February, 2025.

                Respectfully Submitted,

                ***/s/ Noah E. Storch***
                Noah E. Storch, Esq.
                Florida Bar No. 0085476
                RICHARD CELLER LEGAL, P.A.
                7951 SW 6th St., Suite 316
                Plantation, Florida 33324
                Telephone: (866) 344-9243
                Facsimile: (954) 337-2771
                E-mail: **noah@floridaovertimelawyer.com**

                *Attorneys for Plaintiff*